NEAL M. COHEN (SBN 184978) [nmc@viplawgroup.com]
JAMES K. SAKAGUCHI (SBN 181010) [jks@viplawgroup.com]
Vista IP Law Group LLP
2040 Main Street, Suite 710
Irvine, California 92614
Tel: (949) 724-1849
Fax: (949) 625-8955

Attorneys for Plaintiff
    Storz & Bickel GmbH & Co. KG

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| Storz & Bickel GmbH & Co. KG, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 6,513,524** |
| v. | |
| Vapir, Inc.; DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

For its Complaint against the above-named defendants ("Defendants"), Plaintiff Storz & Bickel GmbH & Co. KG ("Plaintiff") alleges as set forth herein, wherein each and every paragraph and allegation of this Complaint is hereby incorporated by reference into each and every Count unless stated otherwise, and wherein each Count is asserted against each Defendant unless stated otherwise.

**Jurisdiction And Venue**

1.   This cause of action arises under the United States patent laws (Title 35 of the United States Code). This Court has original jurisdiction over all Counts in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Vapir, Inc. resides in the Central District of California, and all defendants are residents of California. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this district.

**PARTIES**

3.   Plaintiff is a company duly organized and existing in accordance with the laws of Germany, with its principal place of business located at Rote Strasse 1, 78532 Tuttlingen, GERMANY.

4.   Upon information and belief, Defendant Vapir, Inc. is a California corporation, with its principal place of business located at 2212 Ringwood Ave., San Jose, California  95131.

5.   Plaintiff presently is not aware of the true names and capacities of DOES 1-10.

**Count 1**
**Patent Infringement of U.S. Patent No. 6,513,524**

6.   On February 4, 2003, United States Patent No. 6,513,524 ("the '524 Patent"), titled "INHALER FOR PRODUCTION OF AROMA- AND/OR ACTIVE SUBSTANCE-CONTAINING VAPORS OF PLANT MATERIALS AND/OR FLUIDS" was issued to Markus H. Storz ("Storz").

7.   On or before the date this Complaint is being filed, Storz granted to Plaintiff an exclusive license to the '524

- 2 -

Patent, including the exclusive right to sue for infringement, including past infringement.

8.   Plaintiff is currently the exclusive licensee to the '524 Patent, and owns the right to sue for past infringement.

9.   The '524 Patent is presumed valid pursuant to 35 U.S.C. § 282.

10.  A true and correct copy of the '524 Patent is attached hereto as Exhibit 1.

11.  In violation of 35 U.S.C. § 271(a), Defendants have manufactured, used, sold, offered for sale, and/or imported, and continue to manufacture, use, sell, offer for sale, and/or import, within this judicial district and within other judicial districts, products (including products sold under the brand name VAPIRRISE®) for which said manufacture, use, sale, offer for sale, and/or importation infringed (and infringes) one or more claims of the '524 Patent, including Claims 4, 6-7, and 9-12.

12.  In violation of 35 U.S.C. § 271(b), Defendants have actively induced (and continue to actively induce) others to infringe the '524 Patent, because Defendants knew (and know) of the '524 Patent, and took (and are taking) affirmative steps to encourage infringement of the '524 Patent by others, including Defendants' customers, by, e.g., having provided (and continuing to provide) instructions to their customers on how to use their

infringing products, and Defendants knew (and know) such use constituted (and constitutes) infringement of the '524 Patent.

13.   Plaintiff has been damaged and continues to be damaged by the acts of infringement of the '524 Patent alleged in this Count, in an amount to be proven at trial, not less than $1,000,000.

14.   Plaintiff has been and continues to be irreparably harmed by the acts of infringement of the '524 Patent alleged in this Count.

15.   Defendants committed (and continue to commit) the acts of infringement alleged in this Count despite an objectively high likelihood that their actions constituted (and continue to constitute) infringement of a valid patent, namely the '524 Patent.  Further, Defendants knew (and know) of this risk, and it was (and is) so obvious that it should have been (and should be) known to Defendants.

*****

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.   pursuant to 35 U.S.C. § 283, the Court preliminarily and permanently enjoin Defendants, and those persons in concert or active participation with any of them, from further acts of infringement of the '524 Patent;

B.   pursuant to 35 U.S.C. § 284, Plaintiff be awarded damages, interest, and costs, including treble damages;

C.   pursuant to 35 U.S.C. § 285, the case be declared exceptional, and Plaintiff be awarded reasonable attorneys fees;

D.   Plaintiff be awarded pre-judgment and post-judgment interest according to the law; and

E.   Plaintiff be awarded such other relief as this Court deems appropriate.

                              Respectfully submitted,

                              Vista IP Law Group LLP

Dated: October 15, 2014            /s/ Neal M. Cohen
                              by:  Neal M. Cohen
                                   Attorneys for Plaintiff

**JURY DEMAND**

Pursuant to F.R.Civ.P. Rule 38(b) and L.R. 38-1, Plaintiff demands a jury trial on all issues triable to a jury.

Respectfully submitted,

Vista IP Law Group LLP

Dated: October 15, 2014          /s/ Neal M. Cohen

by:  Neal M. Cohen
     Attorneys for Plaintiff